**Roberto Georges LAGUERRE, Petitioner,**

v.

**Alberto GONZALES, Attorney General, Respondent.**

No. 04–6037–ag.

United States Court of Appeals, Second Circuit.

Sept. 18, 2006.

Israel Arana, Coral Gables, FL, for Petitioner.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. ROGER J. MINER, Hon. DENNIS JACOBS, Circuit Judges.

### SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of September, two thousand six.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the petition be **DISMISSED.**

Petitioner Roberto Georges Laguerre, a native and citizen of Haiti, seeks review of an October 19, 2004 order of the BIA affirming the July 25, 2003 decision of Immigration Judge ("IJ") Alan A. Vomacka denying petitioner's application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Roberto Georges La Guerre,* No. A 37 325 079 (BIA Oct. 19, 2004), *aff'g* No. A 37 325 079 (Immig. Ct. N.Y. City July 25, 2003). Laguerre's application was denied due to his prior conviction for distributing cocaine base, in violation of 18 U.S.C. § 841(a)(1). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where (as here) the BIA summarily affirms the decision of the IJ without issuing an opinion, see 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d

155, 158 (2d Cir.2004). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

On appeal, Laguerre (through counsel) frames the issue as follows:

> Had Counsel for Petitioner complied with supplying of timely, truthful, detailed testimonial and documentary evidence linking the petitioner's claim with the situation in Haiti, there is a probability that the decision of the Immigration Judge would have been favorable to the petitioner.

[**Blue** 4.] Laguerre's perfunctory brief specifies no ground or argument that would support relief. More fundamentally, we lack jurisdiction "to review any final order of removal against an alien who is removable by reason of having committed [certain drug and aggravated felony] criminal offense[s][,]" except insofar as review entails "constitutional claims or questions of law[.]" 8 U.S.C. §§ 1252(a)(2)(C)-(D). An "aggravated felony" for purposes of immigration laws includes "illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)." 8 U.S.C. § 1101(a)(43)(B). A "controlled substance" is a "drug or other substance, or immediate precursor," included in schedules attached to the subchapter, which includes cocaine base. 21 U.S.C. § 802(6) (2000). And "drug trafficking crime" includes "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.)." 18 U.S.C. § 924(c)(2) (2000). The provision under which Laguerre was convicted, 21 U.S.C. § 841(a)(1), was part

of section 401 of the Controlled Substances Act of 1970, Pub.L. No. 91-513, 84 Stat. 1242. And Laguerre does not sufficiently raise any constitutional claims or questions of law.

We have considered all of petitioner's remaining arguments and find them to be without merit. For the reasons set forth above, the petition for review is hereby **DISMISSED.**